# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER OLNEY, | ) | 1:12-cv-1724 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR |
| | ) | LEAVE OF THE COURT TO FILE |
| v. | ) | IMPLEADER THIRD-PARTY COMPLAINT |
| | ) | |
| JOB.COM INC., | ) | |
| | ) | (Doc. 18) |
| | ) | |
| Defendant. | ) | |

## I.     Introduction

Pending before the court is Defendant, Job.com's ("Defendant") Motion to File an Third-Party Complaint filed on February 1, 2013. (Doc. 18).  Plaintiff, Peter Olney ("Plaintiff") filed a non-opposition to the motion on February 20, 2013.  (Doc. 21). The court examined the motion and determined that the  matter was suitable for decision without oral argument pursuant to Local Rule 230(g).  The hearing scheduled for March 15, 2013 was vacated.  Upon a review of the motion and the third-party complaint, the motion is GRANTED.

## II.    Procedural Background

Plaintiff filed a complaint against Defendant on October 19, 2012, alleging that Job.com violated the Telephone Consumer Protection Act ("TCPA") by placing telephone calls to Plaintiff's cellular telephone number.  Job.com filed its Answer to the complaint on December 5, 2012 and denied any violations of the TCPA.

1    Joc.com provides web-based services for individuals who want to post their resume to
2 search and apply for jobs.  Job.com also provides individuals who register on their site with the
3 option to be contacted by phone to receive information regarding educational opportunities.  This
4 service is optional.  Job.com provides registrants with the opportunity to opt out of receiving
5 these telephone calls.  Job.com alleges that Plaintiff consented to receiving telephone calls
6 regarding educational opportunities.  It is believed that Plaintiff hired third parties, including
7 Resumedirector.com and North America LiveCareer, Inc. and LiveCareer, Ltd to help him with
8 his job search.  Job.com alleges that acting pursuant to Plaintiff's direction and control, these
9 third parties registered Plaintiff on the job.com website but did not opt Plaintiff out of receiving
10 the telephone communications for Job.com.  Under this scenario, Plaintiff would have given his
11 consent to the be called, through his agents, and would have no case against Job.com.  If in the
12 alternative, the proposed third parties did not have authority to register Plaintiff on the Job.com
13 website, then the third parties would be liable to Job.com under several legal theories alleged in
14 the third party complaint.

15    Job.com argues that in light of the above, its claims against the proposed third party
16 defendants are derivative to Plaintiff's claims and arise out the same set of operative facts.  As
17 such, it should be permitted to file a third-party complaint naming the additional parties. Job.com
18 also contends that permitting the filing of the third-party complaint would foster judicial
19 economy as all issues would be addressed in one case rather than filing separate actions.  Finally,
20 permitting the filing of the third-party complaint would facilitate the discovery process.

21    **III.    Discussion**

22    Fed.R.Civ.P. 14(a) provides for service of a third-party complaint upon a person not a
23 party to the action who is or may be liable to [the original defendant] for all or part of the claim
24 against it.  Defendant need not obtain leave of the court to serve and file a third-party complaint,
25 if is it filed within 14 days after defendant serves its original answer to the complaint in the main
26 action. Fed. R. Civ. Proc. 14(a)(1).  In all other circumstances, leave of the court to serve and file
27 a third party complaint must be sought by motion. Fed. R. Civ. Proc. 14(a)(1).

28    The purpose of impleader is to promote judicial efficiency by eliminating the need for the

2

1  defendant to bring a separate action against the parties secondarily or derivatively liable to the
2  defendant on account of the plaintiff's claim.  Southwest Admin., Inc. v. Rozay's Transfer, 791
3  F. 2d 769, 777 (9th Cir. 1986).  The decision whether to permit a third party claim under Rule 14
4  is left to the sound discretion of the trial court.  Id.
5      Here, it appears that derivative liability may exist against the named third parties.
6  Plaintiff has also filed a non-opposition to the motion.  Since this case is in the early stages,
7  permitting the filing of the third-party complaint will promote judicial economy and facilitate the
8  resolution of these proceedings.
9  **IV.  Conclusion**
10     Accordingly, Defendant's Motion for Leave of the Court to File an a Third-Party
11 Complaint is GRANTED. The Clerk of the Court is directed to docket the third-Party Complaint
12 and issue summons.  Job.com shall serve the parties named in the third-party complaint within
13 twenty days after issuance of the summons.
14     In light of the above, the scheduling conference scheduled for March 27, 2013 at 9:30
15 a.m. is VACATED.   A scheduling conference will be held on May 29th at 10:00 a.m. before the
16 undersigned once the additional parties have been served.  The parties are advised that they
17 should file a joint scheduling report seven days prior to the scheduling conference.
18
19    IT IS SO ORDERED.
20    **Dated:   March 21, 2013**                                **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28