1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PETER OLNEY, on behalf of himself
and all others similarly situated,

            Plaintiff,

    v.

JOB.COM, INC., and BIRD DOG
MEDIA, LCC,

            Defendants,


    v.

RESUMEDIRECTOR.COM, NORTH
AMERICA LIVECAREER, INC.,
LIVECAREER, LTD.,

            Third Party Defendants.

_____/

Case No.  1:12-cv-01724-LJO-SKO

**ORDER CONTINUING
SCHEDULING CONFERENCE**

      A scheduling conference is currently set for December 5, 2013, in this matter.  However, the parties' joint status report indicates that a First Amended Complaint was filed on November 15, 2013, and an additional defendant was named.  Plaintiff states he served the newly named defendant, Bird Dog Media, LLC ("Bird Dog"), on November 22, 2013.  As such, Bird Dog has not yet responded to the complaint, nor has it had an opportunity to join in any discussions

regarding the scheduling of this matter.  To allow sufficient time for Bird Dog to respond to the complaint and participate in recommending a schedule to the Court, the December 5, 2013, scheduling conference is CONTINUED to January 16, 2014, at 9:45 a.m., Pacific Time.

Moreover, the parties shall file an updated status report discussing the propriety of permitting Defendant Job.com to file a motion for summary judgment prior to opening any class discovery and prior to a determination on Plaintiff's motion for class certification.  Although Defendant Job.com indicates in the joint status report that a motion for summary judgment would be most efficient if decided prior to class discovery and a motion for class certification because it may be dispositive of the entire case, no details are provided regarding the basis for the motion. To assess the propriety of staying class discovery, and thus any class certification motion, until a dispositive motion has been decided, Job.com must set forth the basis for the motion for summary judgment it seeks the Court to consider.  *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation").

Additionally, at the status conference on November 5, 2013, Job.com indicated it was awaiting discovery responses from Plaintiff upon which its summary judgment motion would be predicated, at least in part.  (*See also* Doc. 71, Joint Statement, 3:16-4:3.)  In the parties' joint scheduling report filed on December 2, 2013, Job.com indicates that Plaintiff responded to its discovery request with objections and that it had hoped to resolve the discovery issue informally, but that Court intervention may be necessary.  If informal efforts to resolve this dispute fail, the parties shall contact the Court **no later than December 18, 2013**, to set an informal conference to resolve the disputed issues.

Accordingly, IT IS HEREBY ORDERED that:

1.      The December 5, 2013, scheduling conference is CONTINUED to January 16, 2014, at 9:45 a.m., Pacific Standard Time;

2.      Telephonic appearances for the scheduling conference on January 16, 2014, are APPROVED and ENCOURAGED;

3.     The parties shall file an updated scheduling report no later than January 9, 2014; and

4.     To the extent that Job.com and Plaintiff are unable to informally resolve their discovery dispute, they shall contact the Court **no later than December 18, 2013**, to set an informal conference to resolve the disputed issues.

IT IS SO ORDERED.

Dated:   **December 4, 2013**                          **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

3