UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER OLNEY, et al., | Case No. 1:12-cv-1724 LJO SKO |
| Plaintiffs, | ORDER ON REQUEST TO SEAL CERTAIN DOCUMENTS |
| v. | |
| JOB.COM, INC., | (Doc. 107) |
| Defendant/Third Party Plaintiff, | |
| v. | |
| RESUMEDIRECTOR.COM, et al., | |
| Third Party Defendants. | |

On March 3, 2014, Defendant JOB.COM, Inc. ("Job.com") requested permission to file certain documents in connection with its motion for summary judgment under seal. Job.com's request is not opposed by any of the parties. However, for the reasons set forth below, the Court DENIES Job.com's request without prejudice to any party filing a renewed request to seal that provides greater detail.

I.     DISCUSSION

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). As such, a party seeking to seal documents filed in connection with a motion for summary judgment must

1

demonstrate that compelling reasons outweigh the general history of access and public policy favoring disclosure. See Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). Relevant factors in this regard include, for example, whether public disclosure of the information could result in improper use, such as for "scandalous or libelous purposes or infringement upon trade secrets." Id. at 679 n.6 (internal quotation marks and citation omitted). In granting or denying a party's request to seal certain documents or information, the court must "articulate its reasoning" and cannot rely on "hypothesis or conjecture." Id. at 679.

Here, Job.com fails to provide a legally sufficient basis for sealing documents at the summary judgment stage. Although Job.com has provided the Court with copies of the documents to be sealed, Job.com offers no explanation as to what the documents are, let alone an explanation as to how or why disclosure of the information could result in improper use. Job.com merely states that the documents have been designated "Confidential" pursuant to a stipulation of confidentiality. That, however, is not a sufficient basis for sealing documents at this juncture. See, e.g., Instrumentation Lab. Co. v. Binder, Case No. 11cv0965 DMS (RBB), 2012 U.S. Dist. LEXIS 92316 (S.D. Cal. July 2, 2012) (denying a motion to seal documents in connection with motions for summary judgment where the request to seal simply stated that the materials were subject to a stipulated protective order).

**II.     CONCLUSION AND ORDER**

Accordingly, Job.com's request to seal is DENIED without prejudice. Job.com or any other party may renew the request to seal if it can articulate a compelling reason to do so, as required by the Ninth Circuit under Pintos.

IT IS SO ORDERED.

Dated:   **March 3, 2014**               /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE